## 34211. HAISMAN v. THE STATE.

HALL, Justice.
Janice Haisman was found guilty of the involuntary manslaughter of her son, Jason Haisman, and of the

murder of her husband, Jerry Haisman. Jason died of probable drug intoxication December 30, 1973, and Jerry died February 17, 1976, of arsenic poisoning. The defendant appeals from her convictions and from the denial of her motion for new trial. We find that Count 2 of the indictment adequately informed appellant of the charge against her and that appellant's constitutional right to a speedy trial was not violated. But we agree with appellant that the trial court erred in failing to sever for trial the two counts of the indictment. We therefore reverse both convictions.

1. Appellant filed before trial a demurrer to Count 2 of the indictment, on the theory that the count was too vague to inform her of the charge against her. The count stated that appellant "did cause the death of Jason Haisman, a human being, without any intention to do so, by the commission of a lawful act in an unlawful manner likely to cause death, or great bodily harm, said act being the administration of an overdose of chloral hydrate to said Jason Haisman." The indictment meets the statutory requirement that the offense be stated in the language of the Code or in terms understandable to a jury. Code Ann. § 27-701. Moreover, the language, "the administration of an overdose of chloral hydrate," meets the due process requirement that the indictment inform appellant of the charge against her. From reading the charge, a judge could determine that if the state proves that appellant gave Jason chloral hydrate in an unlawful manner, e.g. overdosage, a conviction of involuntary manslaughter would be justified. See *Ramsey v. State,* 212 Ga. 381 (1) (92 SE2d 866) (1956).

2. Appellant also urges that her trial should have been barred because the state violated her sixth amendment right of a speedy trial. United States v. Marion, 404 U. S. 307 (1971), held that one's right to a speedy trial attaches when one becomes an accused and identified that point as arrest or when formal charges (indictment or information) are brought, whichever is earlier. This view was recently reaffirmed in Dillingham v. United States, 423 U. S. 64 (1975), which reversed the Fifth Circuit Court of Appeals for failure to apply sixth amendment standards to post-arrest, pre-indictment

delay in United States v. Palmer, 502 F2d 1233 (1974). Where the delay occurs in the investigative stage before either arrest or indictment, due process, not sixth amendment, standards apply. United States v. Lovasco, 431 U. S. 783 (1977).

In our case, appellant was arrested in July 1976. At this point, under both United States v. Marion, supra, and Dillingham v. United States, supra, Janice Haisman became "an accused" and sixth amendment, rather than due process, standards apply. The sixth amendment standard is a balancing test in which four factors are weighed to determine whether an accused has been denied his right to a speedy trial. Barker v. Wingo, 407 U. S. 514 (1972). These factors are length of delay, reason for delay, defendant's assertion of his right and prejudice to the defendant. Id.

We note that the major delay in this case occurred between arrest in July 1976 and indictment in December 1977. Five months elapsed between indictment and trial, making the total delay 22 months. Almost all of the delay could be attributed to the state. Since the 22-month delay could have prejudiced the defendant, we evaluate the other three factors in the Barker v. Wingo test.

The state asserts that the reason for the pre-indictment delay was its need for further investigation of the two crimes. This is a legitimate reason and is far from the deliberate prosecutorial delay to obtain a tactical advantage at trial which was condemned in United States v. Marion, supra.

The defendant asserted her right to speedy trial through a motion to dismiss the indictment for lack of a speedy trial. The trial occurred two months after this motion. Appellant's delay in asserting her right is a factor we must weigh heavily against her. United States v. Greene, 578 F2d 648 (5th Cir. 1978). Appellant states that in Georgia, a demand for speedy trial cannot be filed until after indictment, citing Code Ann. §§ 27-1901 and 27-1901.1. While the statute may prescribe a means of asserting one's right to a speedy trial after indictment, appellant has a sixth amendment right to a speedy trial which attached at arrest and could have been asserted thereafter. For example, in United States v. Edwards, 577

F2d 883 (5th Cir. 1978), thirteen months passed between the defendant's arrest and his indictment. The defendant did not assert his speedy trial right until after indictment, and the court weighed the defendant's pre-indictment silence against him. Id. at 889. See Dillingham v. United States, on remand sub nom. United States v. Palmer, 537 F2d 1287 (1976). We therefore weigh the defendant's pre-indictment failure to assert her right against her. See *Harris v. Hopper,* 236 Ga. 389 (224 SE2d 1) (1976).

Finally, we must consider whether prejudice was suffered by the appellant. She alleges prejudice in the loss of coroner's inquest transcript (pre-arrest), loss of Juvenile Court hearing tape (post-arrest), and destruction of Jerry Haisman's hospital records. We see no necessity for the juvenile court hearing tape since it contains testimony by witnesses who, appellant admitted, were available for trial. Hence, no prejudice resulted from the loss. Loss of the coroner's inquest transcript occurred before or shortly after the defendant's arrest, and the loss is not attributable to the lengthy delay.

As to Jerry Haisman's hospital records, we find that the defendant failed to act promptly to obtain the hospital records on her own behalf. Once arrested, appellant should have begun to prepare her defense, rather than waiting for indictment. As the Fifth Circuit stated recently with regard to locating witnesses, "We simply refuse to accept the contention of the defendant that even though he was arrested and formally charged with the offense in question, he had no duty to begin to locate and interview potential alibi witnesses until after he was indicted thirteen months later." United States v. Edwards, supra, at 889.

Because of the valid reason for delay, appellant's failure to assert her right and our finding of no substantial prejudice, we find that appellant was not denied her right of speedy trial.

3. Before trial, appellant filed a motion to sever the charges of involuntary manslaughter and murder. The trial court refused. We reverse.

In *Dingler v. State,* 233 Ga. 462 (211 SE2d 752) (1975), this court decided to follow the American Bar Association's standards on severance of charges, on the

theory that the standards were quite similar to prior Georgia law. Under the standards, if two or more offenses are joined for trial because they "are of the same or similar character, even if not part of a common scheme or plan," the defendant has a right to severance. ABA Standards, Joinder and Severance, §§ 1.1 (a), 2.2 (a) (1968).

Offenses may also be joined for trial when they are based (1) "on the same conduct" or (2) "on a series of acts connected together" or (3) on a series of acts "constituting parts of a single scheme or plan." § 1.1 (b). If offenses are joined for any of these three reasons, the defendant does not have an automatic right of severance; instead, the trial judge may grant severance if it is necessary "to achieve a fair determination of the defendant's guilt or innocence of each offense." § 2.2 (b).[1]

In this case, appellant was charged with involuntary manslaughter, an unintentional killing, in the death in 1973 of her child, and with murder for the 1976 arsenic poisoning of her husband. The state contends that because both victims were members of appellant's family, the two homicides are part of a common scheme or plan to poison her family. We disagree. We cannot infer a scheme to poison the family which existed and motivated the *unintentional* homicide of the child in 1973. At most, the involuntary manslaughter and murder are similar transactions.

Our conclusion is buttressed by our holding in *Booker v. State*, 231 Ga. 598 (203 SE2d 194) (1974), in which we found error in the failure of the trial court to sever one count from the indictment when the count charged an

---

[1]We note in passing that Code Ann. § 26-506 is applicable to the problems of joinder and severance when the offenses charged are based on the "same conduct." Severance is necessary, when the same conduct affords the basis of joinder, only "in the interest of justice." Code Ann. § 26-506 (c). This standard is quite similar to the ABA's standard of achieving "a fair determination of the defendant's guilt or innocence." This statute has no application in our case because the state concedes that the "same conduct" is not the basis for joinder in this case.

armed robbery one week later than the armed robbery charged in the first two counts. We stated that the "separate crimes did not arise out of the same conduct, did not involve the same victims or witnesses and the evidence of one would not be admissible on the trial of the other." Id. at 599. See *Dingler v. State,* 134 Ga. App. 223 (214 SE2d 6) (1975).

The trial court erred in refusing to sever for trial the two counts of the indictment.

*Judgment reversed. All the Justices concur, except Jordan, J., who concurs in the judgment only, and Bowles and Marshall, JJ., who dissent.*

ARGUED NOVEMBER 14, 1978 — DECIDED JANUARY 4, 1979 — REHEARING DENIED JANUARY 23, 1979.

*Rees R. Smith,* for appellant.

*M. Randall Peek, District Attorney, Jonathan C. Peters, Assistant District Attorney, Arthur K. Bolton, Attorney General, Mary Beth Westmoreland,* for appellee.