## 34881. DURDEN v. BARRON et al.

JORDAN, Justice.

This appeal arises from a change of custody granted through a writ of habeas corpus.

Appellant mother appeals the judgment of the trial court awarding custody of her six-year-old daughter to the paternal grandparents. The trial judge found that the mother had, by contract, voluntarily released her

daughter to the custody of the child's grandparents, had abandoned the child and was an unfit parent. Appellant attempts to rebut these findings on appeal by showing the material disputes between the testimony of the different parties' witnesses. However, she also contends that the plaintiff grandparents lacked standing because the case was presented as a habeas corpus proceeding. Appellant cites the case of *Spitz v. Holland,* 243 Ga. 9 (252 SE2d 406) (1979), for the proposition that one who does not have a legal right to custody may not inquire into the legality of the detention of another through the writ of habeas corpus. In other words, here, since the appellant had been granted custody in her divorce from the child's father, only she had a legal right to custody, and the only way the grandparents or father could challenge that right would be through the statutory remedies detailed in *Spitz,* supra at 10-11.

However, appellant fails to take into account the fact that, at least, the grandparents in this case were claiming custody of the child under their legal right since the mother had voluntarily released custody to them two years prior to the time the grandparents were forced to commence this litigation. See Code Ann. § 74-108(1). This fact distinguishes the *Spitz* case in which the grandparents petitioned for the writ of habeas corpus to have custody placed in them for the first time. The proper procedure was followed in this case, and the trial court did not err in refusing to dismiss the suit.

With regard to the voluntary contractual release of custody, the contract involved must be clear, definite and certain, "But . . . it is not required that the evidence as to the contract shall be undisputed." *Manning v. Crawford,* 8 Ga. App. 835 (3) (70 SE 959) (1910). In this case, the evidence showed that the appellant had continually placed the child in the home of her grandparents and had left her there for long periods while appellant remarried, divorced and remarried for a third time. The grandparents conducted all of the child's early training and sent her to a private kindergarten. Finally, the grandfather and paternal aunt testified that appellant entered the grandfather's store in October, 1976, and handed the child to him explaining she was remarrying

and could not handle a new marriage and a young child at the same time. She stated that she was giving them custody of the child "indefinitely." Two years later, the mother appeared at the child's school and took the child without notice to anyone. This court is certainly mindful of authority cited by appellant concerning the rights of natural parents versus those of third persons. However, the trial court "upon hearing a writ of habeas corpus for the detention of a child, is vested with a discretion in determining to whom its custody shall be given." *Williams v. Ferrell,* 231 Ga. 470 (202 SE2d 427) (1973). Performing this inquiry, an appellate court can only insure that that discretion has not been abused, and, in this case, it has not.

In addition to finding that appellant had voluntarily released custody of her child, the trial court found that she was an unfit parent. Appellant maintains, for the sake of argument, that even if she had been unfit two or more years ago, that she can now provide a good home for her child, and that she, personally, has become a better person. She cites authority which does hold that unfitness in the past is an irrelevant consideration; it is present fitness that matters. *Shaddrix v. Womack,* 231 Ga. 628 (203 SE2d 225) (1974); *Heath v. Martin,* 225 Ga. 181 (167 SE2d 153) (1969). The trial court found the mother disinterested in the child, and the evidence indicated promiscuity on her part, at times in the presence of the child. There was testimony suggesting that the child had been abused by her mother, that appellant had a drinking problem, and one witness, formerly a close friend of the appellant, testified that she had never heard appellant tell her child that she loved her. Again, the legal standard on review is whether or not the trial judge, having the parties properly before him, has abused his discretion. We find that he has not.

In view of the foregoing the judgment of the trial court is affirmed.

*Judgment affirmed. All the Justices concur.*

ARGUED MAY 15, 1979 — DECIDED SEPTEMBER 6, 1979 —
REHEARING DENIED SEPTEMBER 25, 1979.

*Westmoreland, Patterson & Moseley, Thomas H. Hinson, Groover & Childs, Denmark Groover, Jr.,* for appellant.

*J. Alton Gladin, Lawton Miller, Jr.,* for appellees.