## 75699. OULD v. THE STATE.
(366 SE2d 392)

BEASLEY, Judge.

On March 27, 1986, defendant was charged with three misdemeanor offenses: driving under the influence of alcohol, OCGA § 40-6-391, speeding, OCGA § 40-6-180, and driving without a license, OCGA § 40-5-20. An accusation against him was filed on May 28 to which he entered a plea of not guilty and demanded a trial by jury. The case was first called for trial for February, 1987, but was removed and re-set without objection for May 28, 1987. The day before the scheduled trial, defendant moved for discharge and acquittal based upon the failure to grant him a speedy trial. It was denied and he appeals. Thus the trial, if there is to be one, is further delayed.

1. Although the case is primarily interlocutory in nature, a direct appeal is permissible because it indirectly implicates the issue of double jeopardy resulting from the failure to grant an accused a speedy trial. See *Hubbard v. State*, 254 Ga. 694 (333 SE2d 827) (1985), allowing interlocutory appeal from denial of a motion to dismiss based on the statutory demand which as to purpose is analogous to the federal constitutional right to a speedy trial. *Cook v. State*, 183 Ga. App. 720 (1) (359 SE2d 716) (1987) follows *Hubbard*, and *Smith v. State*, 169 Ga. App. 251 (1) (312 SE2d 375) (1983) precedes it. The reasoning in these cases applies here and recommends the same re-

sult, which we adopt. Thus, a direct appeal lies from a denial of discharge based on an alleged denial of a constitutional right to a speedy trial.

2. Although defendant's motion is couched in terms reflective of reliance on OCGA § 17-7-170, defendant had not filed a demand for trial pursuant to that statute and hence cannot rely upon its provisions. See *State v. Adamczyk*, 162 Ga. App. 288 (290 SE2d 149) (1982), where this court held that a demand for jury trial is not sufficient as a statutory request for a speedy trial. See also *Smith v. State*, 166 Ga. App. 352 (1) (304 SE2d 476) (1983); *Ferris v. State*, 172 Ga. App. 729 (1) (324 SE2d 762) (1984).

His other contention below complained that the trial had been delayed by the State to his prejudice but stated no particular authority. At the hearing he invoked an unspecified provision of the Georgia Constitution. He apparently intended to refer to Ga. Const. 1983, Art. I, Sec. I, Par. XI (a). He then cited a case applying the Federal Constitution, Amendments Six and Fourteen. *Ferris*, supra at 731 (2). Yet later he argued that the basis was a combination of state constitutional due process and speedy trial provisions. On appeal he abandons the statutory and state constitutional grounds and relies solely on the federal constitutional right to a speedy trial, exclusively citing *Nelson v. State*, 247 Ga. 172 (274 SE2d 317) (1981). We therefore rule only on that ground. *Andrews v. State*, 175 Ga. App. 22, 24 (332 SE2d 299) (1985).

"A speedy trial is guaranteed an accused by the Sixth Amendment and the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States, and also Article I of the Constitution of this State [now 1983 Ga. Const., Art. I, Sec. I, Par. XI (a)]." *Powell v. State*, 143 Ga. App. 684, 685 (1) (239 SE2d 560) (1977).

"In *Barker v. Wingo*, 407 U. S. 514 (92 SC 2182, 33 LE2d 101) (1972), the Supreme Court of the United States identified four factors to be considered by a court in determining whether an accused's constitutional right to a speedy trial had been violated: . . . (a) [t]he length of the delay, (b) the reason for the delay, (c) the defendant's assertion of his right, and (d) the prejudice to the defendant. . . . The Supreme Court further stated that it regarded none of the factors as either a necessary or sufficient condition to a finding of a deprivation of the right of speedy trial but rather that the factors should be considered together in a balancing test of the conduct of the prosecution and the defendant." *Washington v. State*, 243 Ga. 329, 330 (1) (253 SE2d 719) (1979). See also *Nelson v. State*, supra at 174 (3). As to the last factor there are "three interests which the speedy trial right was designed to protect, the last being the most important: (a) to prevent oppressive pre-trial incarceration; (b) to minimize anxiety

and concern of the accused; and (c) to limit the possibility that the defense will be impaired." Id. p. 331; *Hall v. Hopper*, 234 Ga. 625, 626 (216 SE2d 839) (1975). Applying these criteria, we consider the facts of this case.

(a) Length of delay. One year was certainly not "speedy" but was much less than in numerous cases where no constitutional violation was found. " '[M]ere passage of time is not enough, without more, to constitute a denial of due process.' " *State v. Fields*, 137 Ga. App. 726, 727 (224 SE2d 829) (1976); *Hughes v. State*, 228 Ga. 593, 595 (1) (187 SE2d 135) (1972).

(b) Reason for delay. The trial court curtailed the State's effort to establish the status of the court's docket and the prosecution's case load. This was a factor that should have been considered. *State v. Fields*, supra, 727. However, there was no showing by defendant that there was a deliberate delay for the purpose of hampering the defense.

(c) Assertion of right. A delay by defendant can weigh heavily against him. *Haisman v. State*, 242 Ga. 896, 898 (2) (252 SE2d 397) (1979). Here defendant demanded a jury trial but made reference to speedy trial only in his motion for acquittal. See *Getz v. State*, 251 Ga. 462, 463 (306 SE2d 918) (1983).

(d) Prejudice to defendant. Considering the three interests, the first two are essentially neutralized: defendant was not incarcerated and his concern was at most minimal. He argues strenuously that the delay in his trial seriously prejudiced his case. He urges the absence of certain key witnesses who were present in the hospital at the time he contends that he was wrongfully denied his right to an independent blood test. His argument is that if their testimony was favorable, the DUI charges would either have been dismissed or the State would have had to rely only on evidence of his intoxicated condition as related by the arresting officer. At the hearing, defendant conceded that he did not know who the witnesses were and had made no effort to identify or locate them prior to a week before filing his motion to discharge and acquit. This is not a situation where witnesses died or moved and their possible testimony was lost because of the delay. Instead, if favorable defense evidence was lost it was because of defendant's own neglect and delay after the accusation was filed. Among equals, if any consideration is first, it must be whether defendant suffered prejudice because of the delay. See *Durden v. Barron*, 244 Ga. 277, 279 (260 SE2d 17) (1979); *Ferris v. State*, supra at 731. "There must be more than a mere claim of prejudice; it must be shown, and this the accused did not do." *Powell v. State*, supra, 686.

Considering all the factors, the trial court did not abuse its discretion in denying defendant's motion. *Nelson v. State*, supra at 174 (3).

58

*Judgment affirmed. McMurray, P. J., concurs. Sognier, J., concurs in the judgment only.*

DECIDED FEBRUARY 24, 1988.

*J. Richardson Brannon*, for appellant.
*Ken Stula, Solicitor*, for appellee.