## 75358. HEINEN v. THE STATE.
(367 SE2d 275)

BEASLEY, Judge.

Heinen appeals his conviction and sentence for aggravated sodomy, OCGA § 16-6-2, and the overruling of his motion for new trial which was based upon the general grounds and the contention that the trial court erred in denying his motion to dismiss for lack of a speedy trial. His argument on appeal focuses solely on his assertion that he was denied his Sixth Amendment federal constitutional right to a speedy trial.

Heinen was indicted on October 8, 1979 and charged with one count of aggravated sodomy and one count of child molestation which was later nolle prossed. He was arraigned and pled not guilty on February 4, 1980. During this time the victim, who was defendant's 6-year-old stepdaughter, was admitted to Georgia Regional Hospital where she underwent psychiatric and psychological counseling because she had expressed suicidal thoughts. Upon her release in January 1980, she was placed in the Georgia Baptist Children's Home where she stayed for a little over a year. On the psychologist's advice, the victim's father did not discuss the incident with her when she returned home. In March 1985, the father contacted the district attorney about the case because the victim had discussed with him what had occurred and told her father she was ready to testify.

The case was called for trial in May 1985. Defendant had moved to Texas and had stopped communicating with his attorney, so he was unavailable for trial and a bench warrant was issued. Heinen was arrested in October 1985 and returned to Paulding County in November

where he was bonded to January 31, 1986. The trial was held November 13 and 14.

"A speedy trial is guaranteed an accused by the Sixth Amendment and the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States, and also Article I of the Constitution of this State [now 1983 Ga. Const., Art. I, Sec. I, Par. XI (a)]." *Powell v. State*, 143 Ga. App. 684, 685 (1) (239 SE2d 560) (1977).[1] The federal right attaches at time of arrest or when formal charges are brought, whichever is earlier. *Haisman v. State*, 242 Ga. 896, 897 (252 SE2d 397) (1979).

"In *Barker v. Wingo*, 407 U. S. 514 (92 SC 2182, 33 LE2d 101) (1972), the Supreme Court of the United States identified four factors to be considered by a court in determining whether an accused's constitutional right to a speedy trial had been violated: . . . (a) [t]he length of the delay, (b) the reason for the delay, (c) the defendant's assertion of his right, and (d) the prejudice to the defendant. . . . The Supreme Court further stated that it regarded none of the factors as either a necessary or sufficient condition to a finding of a deprivation of the right of speedy trial but rather that the factors should be considered together in a balancing test of the conduct of the prosecution and the defendant." *Washington v. State*, 243 Ga. 329, 330 (1) (253 SE2d 719) (1979). As to the prejudice factor there are "three interests which the speedy trial right was designed to protect, the last being the most important: (a) to prevent oppressive pre-trial incarceration; (b) to minimize anxiety and concern of the accused; and (c) to limit the possibility that the defense will be impaired." Id. p. 331; *Hall v. Hopper*, 234 Ga. 625, 626 (216 SE2d 839) (1975). We apply these criteria to the facts of this case.

(a) Length of delay. Although seven years and five months is a long period between the time of arrest and the trial, "mere passage of time is not enough, without more, to constitute a denial of due process." *State v. Fields*, 137 Ga. App. 726, 727 (224 SE2d 829) (1976); *Hughes v. State*, 228 Ga. 593, 595 (1) (187 SE2d 135) (1972). It will be considered, however, in weighing all of the listed factors together.

(b) Reason for delay. The State maintains that the delay was caused and was justified by the victim's inability to deal with and testify about the abuse and by her attendant hospitalization, that by the time the district attorney was notified that the child was capable of testifying until Heinen was bonded was approximately eleven months and that there is no evidence of a lack of diligence on anyone's part. Defendant does not claim that there was deliberate delay

---

[1] Since no state constitutional basis is raised, we do not consider any independent state ground.

for the purpose of hampering the defense but rather asserts that the State was negligent in causing the delay.

(c) Assertion of right. A delay by a defendant can weigh heavily against him. *Haisman,* supra. Defendant never filed a demand for a speedy trial, either under the statutory right, OCGA § 17-7-170, or to enforce a constitutional right. Cf. *Blevins v. State,* 113 Ga. App. 702 (149 SE2d 423) (1966). There was no evidence of defendant's desire to have a speedy trial until his counsel on May 9, 1986, filed a motion to dismiss the indictment for failure to have a speedy trial and then filed a motion for reconsideration, both of which were denied. Defendant's wait of six years after initial arrest before making known a desire to bring the case to trial evinces instead a desire to avoid trial altogether or at least gain advantage from the delay. See *Barker v. Wingo,* supra at 535.

(d) Prejudice to defendant. There was no inordinately long pretrial incarceration, because Heinen was at liberty on bond from July 22, 1979 until late October, 1985 when he was arrested on the bench warrant. He was then free on bond from November 21, 1985 until trial. Any anxiety or stress suffered by defendant was demonstrably minimal in that he did not file a demand for speedy resolution but instead left the jurisdiction and ceased communication with his attorney. Prejudice is claimed because the psychologist who had advised the district attorney when the case was indicted that the victim was incapable of testifying had died, and because by trial time the victim was nearly fifteen and had "seen and read about child molestation and . . . had seven years to think about the charges she made."

Ostensibly the psychologist would have been a witness for the State and would have testified about the child's inability to go to trial earlier. Defendant does not show that the presence of the psychologist would have been vital to his substantive defense or indeed impacted it in any manner. Moreover, there was other evidence at trial on the question of the child's prolonged inability to testify.

Appellant's contention that the victim's increased age and exposure prejudiced him likewise fails because he has not produced any evidence that this was so. The jury had the opportunity to hear and see the girl testify and to judge her credibility in light of their knowledge of the passage of time between the offense and the trial and in light of what common sense would dictate, i.e., that the girl was then testifying from the framework and reference of a teenager. The jury chose to believe her rather than defendant, which was its prerogative. OCGA § 24-9-80.

Among equals, if any factor is first, it must be whether defendant suffered prejudice because of the delay. See *Durden v. Barron,* 244 Ga. 277, 279 (260 SE2d 17) (1979); *Ferris v. State,* 172 Ga. App. 729 (1) (324 SE2d 762) (1984). "There must be more than a mere claim of

prejudice; it must be shown, and this the accused did not do." *Powell v. State*, supra, 686.

Considering all, the trial court did not abuse its discretion in denying defendant's motion to dismiss for lack of a speedy trial and therefore did not err in overruling his motion for new trial on that basis. *Nelson v. State*, 247 Ga. 172, 174 (3) (274 SE2d 317) (1981). The motion itself was an anomaly, since what defendant sought was not a new trial but rather an acquittal by operation of law, in effect a dismissal of the indictment.

*Judgment affirmed. McMurray, P. J., and Sognier, J., concur.*

DECIDED MARCH 15, 1988.

*Beverly M. Hartung*, for appellant.
*William A. Foster III, District Attorney, Blanchette C. Holland, Assistant District Attorney*, for appellee.