## A89A1034. ROUNDTREE v. THE STATE.

(386 SE2d 548)

BEASLEY, Judge.

Roundtree appeals his conviction and sentence for armed robbery of a convenience store employee by use of a handgun, OCGA § 16-8-41 (a). His first trial was defective. *Roundtree v. State*, 181 Ga. App. 594 (353 SE2d 88) (1987).

1. Appellant asserts error in denial of his motion to dismiss the indictment for failure to provide a speedy trial as required by the State and Federal Constitutions because almost twenty months elapsed between the filing of the remittitur and retrial. Although appellant cites Ga. Const. 1983, Art. I, Sec. I, Par. XI, he does not develop this ground and relies instead solely on case authority applying only Federal Constitutional law. This passing reference does not adequately raise a separate State Constitutional ground for consideration. See *Crapse v. State*, 180 Ga. App. 321 (1) (b) (n.1) (349 SE2d 190) (1986).

" 'In *Barker v. Wingo*, 407 U. S. 514 (92 SC 2182, 33 LE2d 101) (1972), the Supreme Court of the United States identified four factors to be considered by a court in determining whether an accused's constitutional right to a speedy trial had been violated: . . . (a) (t)he length of the delay, (b) the reason for the delay, (c) the defendant's assertion of his right, and (d) the prejudice to the defendant . . . . The Supreme Court further stated that it regarded none of the factors as either a necessary or sufficient condition to a finding of a deprivation of the right of speedy trial but rather that the factors should be considered together in a balancing test of the conduct of the prosecution and the defendant.' [Cit.] As to the prejudice factor there are 'three interests which the speedy trial right was designed to protect, the last being the most important: (a) to prevent oppressive pre-trial incarceration; (b) to minimize anxiety and concern of the accused; and (c) to limit the possibility that the defense will be impaired.' [Cit.]; [Cit.]" *Heinen v. State*, 186 Ga. App. 373, 374 (367 SE2d 275) (1988).

(a) Length of delay. " '(T)he mere passage of time is not enough, without more, to constitute a denial of due process.' [Cits.]" *State v. Fields*, 137 Ga. App. 726, 727 (224 SE2d 829) (1976). It may, in fact, work to a defendant's advantage; a 34-month delay was regarded as not violative, in *Simpson v. State*, 150 Ga. App. 814, 815 (258 SE2d 634) (1979). A 27-month delay passed constitutional muster in *Treadwell v. State*, 233 Ga. 468, 469 (211 SE2d 760) (1975).

(b) Reason for delay. Appellant contends that the State gave no reason for the delay. However, the prosecuting assistant district attorney informed the court that prior to his coming to the office, another assistant district attorney, no longer with the office, had handled the

initial prosecution. After the first conviction had been reversed, all the files were inexplicably put in the closed section of the office files. Roundtree was later tried for other criminal offenses and the prosecutor obtained a certified copy of what he thought was the armed robbery conviction. At that point he discovered that the conviction had been reversed. Roundtree's case was put on the next available trial calendar and he was tried.

The State's undisputed explanation demonstrates negligence or oversight, but there is no evidence in the record that the State acted in bad faith or deliberately attempted to delay the retrial. See *Heinen*, supra at 374 (b). Upon discovery of the mistake, the State promptly tried the case.

(c) Assertion of right. Appellant contends that he adequately asserted his rights by filing a motion to dismiss, but at no time during the twenty months did appellant demand a speedy trial or otherwise raise the issue until filing the motion five days prior to retrial. See OCGA §§ 17-7-170; 17-8-21; 17-8-22; 17-8-33; *State v. King*, 137 Ga. App. 26 (1) (222 SE2d 859) (1975), and *Andrews v. State*, 175 Ga. App. 22 (332 SE2d 299) (1985). His delay in asserting his rights is a factor which weighs heavily against him. *Haisman v. State*, 242 Ga. 896, 898 (2) (252 SE2d 397) (1979); *Simpson*, supra at 816.

(d) Prejudice to defendant. Appellant's only assertion in this regard is that the delay itself was prejudicial. This is not borne out by the record. After reversal, Roundtree was released on bond upon stipulation of the State. He remained free on that bond until his conviction for an offense committed while on bond. There can be no claim of oppressive pre-trial incarceration. Nor does he advance any claim of anxiety and concern over the delay in retrial. He was at liberty and thus able to commit another criminal offense. There is no evidence that the defense was impaired by the delay. See *Heinen*, supra at 375.

Consideration of all the factors mandates, on balance, the conclusion that the court did not contravene the Federal Constitution in denying appellant's motion to dismiss the indictment for lack of a speedy trial. As in *Heinen*, supra at 376, "[t]he motion itself was an anomaly, since what defendant sought was not a new trial but rather an acquittal by operation of law . . . ."

2. The second question is whether the State's evidence was sufficient to convince the trier of fact of his identity as the perpetrator. It consisted of the testimony of two witnesses, store employee Hardeman and customer Dykes. Appellant urges that the evidence established merely that the person involved in the robbery bore a resemblance to him.

The victim Hardeman testified that on the evening of September 1, 1985, she was working at the store when the two perpetrators entered between 10:00 and 10:30 p.m. They lingered for ten or fifteen

minutes until the other customers left. The store was lit by bright flourescent lighting. The gunman spoke face to face with Hardeman for at least three to five minutes while standing about two feet from her. When the man held the gun on Hardeman he was still about two feet away and she could see him all right. The men were in the store approximately twenty minutes, and Hardeman was able to describe them to police.

Two or three days later, the victim was shown a twenty-photo lineup which did not include Roundtree; she did not select anyone. On September 9 she viewed a ten-photo lineup and identified Roundtree as the gunman; she also identified the accomplice. She viewed a photographic lineup of eight photos on January 13, 1986, and identified both men, with Roundtree as the gunman. Hardeman again positively identified Roundtree as the gunman at a preliminary hearing on February 26, on June 4 at the initial trial of the armed robbery, and at the present retrial on November 8, 1988. She stated at the retrial that her identification of Roundtree was based on her recollection of events that took place the night of the robbery.

Witness Dykes was shopping at the store. He stayed for about fifteen minutes because the two men lingering in the store aroused his suspicions. He paid for his selections, left the store, went home, and returned to get a forgotten item. When he arrived he found the police outside. Bystanders informed Dykes that apparently a robbery had taken place. Dykes approached one of the officers and told him he could recognize the two men he had observed earlier.

Dykes identified Roundtree as one of the men at a photographic lineup on February 26, 1986, at the preliminary hearing, at the initial trial, and at the retrial. At the latter, Dykes testified about a physical mannerism displayed by one of the men in the store and noted that Roundtree was sitting at the defense table exhibiting this same mannerism during Dykes' testimony. Roundtree, when cross-examined, acknowledged that he had displayed the described mannerism of "propping up" during the course of the trial.

The witnesses' credibility and the weight to be given their testimony about the perpetrator's identity were for the jury to determine. OCGA § 24-9-80; *Harris v. State*, 155 Ga. App. 530 (1) (271 SE2d 668) (1980). The evidence was sufficient to enable a rational trier of fact to find that Roundtree committed the armed robbery beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Carley, C. J., and McMurray, P. J., concur.*

DECIDED SEPTEMBER 15, 1989.

*M. E. Thompson, Jr.*, for appellant.

H. Lamar Cole, District Attorney, J. David Miller, Assistant District Attorney, for appellee.