## A90A1066. McCLANAHAN v. THE STATE.
(397 SE2d 24)

BEASLEY, Judge.

Defendant, convicted of aggravated assault, OCGA § 16-5-21 (a) (2), appeals contending he was deprived of his Sixth Amendment rights to speedy trial and effective assistance of counsel.

Defendant was indicted in February 1987. On August 21, 1989, he filed a motion to dismiss based on the Sixth Amendment and "similar provisions" of the Georgia Constitution, which was denied on August 28.

The verdict of the jury and sentence of the court, dated August 31, 1989, were filed on September 5. On September 1, defendant filed a motion for new trial challenging the sufficiency of the evidence.

New counsel, who is also appellate counsel, filed an "Amended Motion for New Trial" on January 19, 1990, alleging that failure of trial counsel to file a demand under OCGA § 17-7-170 constituted ineffective assistance of counsel. No evidentiary hearing was requested. The court's order denying the motion was filed that same day; it is the order specified in the February 15 notice of appeal.

1. "Even without a motion to dismiss the appeal, it is the duty of the reviewing court to entertain the threshold question of its jurisdiction where there may be any doubt. [Cits.]" *Shirley v. State,* 188 Ga. App. 357 (373 SE2d 257) (1988); *Royal v. State,* 189 Ga. App. 756 (1) (377 SE2d 526) (1989).

The motion for new trial was filed before the judgment was entered, making it void. *Joiner v. Perkerson,* 160 Ga. App. 343 (1) (287 SE2d 327) (1981). However, "the effect of the subsequent entry of a judgment on the jury's verdict is to render the otherwise void motion one which was only *prematurely* filed and this prematurity will not serve to deprive the appellate court of jurisdiction to review the merits of the appeal." *McKeever v. State of Ga.,* 189 Ga. App. 445, 446 (375 SE2d 899) (1988). Consequently, the order denying the motion, as amended, entered on January 19 was timely appealed.

2. Defendant enumerates error in the trial court's denial of his motion to dismiss for lack of a speedy trial. Unspecified state constitutional grounds were only mentioned in the motion before the trial court, the enumeration addresses only the federal Sixth Amendment, and for these reasons the latter is all we consider. Statutory rights under OCGA § 17-7-170 are not involved.

" ' "In *Barker v. Wingo,* 407 U. S. 514 (92 SC 2182, 33 LE2d 101) (1972), the Supreme Court of the United States identified four factors

to be considered by a court in determining whether an accused's constitutional right to a speedy trial had been violated: . . . (a) [t]he length of the delay, (b) the reason for the delay, (c) the defendant's assertion of his right, and (d) the prejudice to the defendant. . . . The Supreme Court further stated that it regarded none of the factors as either a necessary or sufficient condition to a finding of a deprivation of the right of speedy trial but rather that the factors should be considered together in a balancing test of the conduct of the prosecution and the defendant." [Cit.] As to the prejudice factor there are "three interests which the speedy trial right was designed to protect, the last being the most important: (a) to prevent oppressive pre-trial incarceration; (b) to minimize anxiety and concern of the accused; and (c) to limit the possibility that the defense will be impaired." (Cit.); (Cit.).' *Heinen v. State*, 186 Ga. App. 373, 374 (367 SE2d 275) (1988)." *Roundtree v. State*, 192 Ga. App. 803 (1) (386 SE2d 548) (1989); *Ould v. State*, 186 Ga. App. 55, 56 (2) (366 SE2d 392) (1988) (physical precedent).

(a) Length of delay. Nearly thirty-five months elapsed between defendant's arrest and trial. While three years is hardly speedy for the charge, even longer delays have been found not to violate the right. " '[M]ere passage of time is not enough, without more, to constitute a denial of due process.' " *State v. Fields,* 137 Ga. App. 726, 727 (224 SE2d 829) (1976); *Roundtree,* supra.

(b) Reason for delay. There was no evidence of a deliberate delay by the prosecution. Rather, because defendant was on bail, the prosecutor placed emphasis on trying jailed defendants first. In addition, counsel for defendant had discussed the case with the prosecutor several times, requesting that it be dead docketed. He told her he was in no hurry to try the case. The victim was a foreigner who had moved out of state and counsel believed there would be difficulty in locating him.

Also, defendant's case had repeatedly been transferred to different judges and prosecutors had changed. Eventually, the case was assigned to the thirteenth Fulton County superior court judge, who had not been appointed due to litigation. These cases were handled by different sitting and visiting judges as time allowed.

(c) Assertion of right. Delay by the defendant in asserting his right can weigh against him. *Haisman v. State*, 242 Ga. 896, 898 (2) (252 SE2d 397) (1979). Defendant sat on his right for two-and-a-half years.

(d) Prejudice to defendant. Defendant was not incarcerated and expressed no extreme anxiety about the charges. Although he alluded to witnesses who were no longer available to him as a result of the delay, he did not know and had made no effort to find out their last names, much less their location.

Considering all the factors, the trial court did not abuse its discretion in denying the motion.

3. There having been no request for an evidentiary hearing on the issue of ineffectiveness of counsel when raised in the amended motion for new trial filed by appellate counsel, that issue is waived. *Johnson v. State*, 259 Ga. 428, 429 (3) (383 SE2d 115) (1989); *Dawson v. State*, 258 Ga. 380 (369 SE2d 897) (1988).

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED SEPTEMBER 4, 1990.

*Robert G. Fierer,* for appellant.

*Lewis R. Slaton, District Attorney, Doris L. Downs, Joseph J. Drolet, Carl P. Greenberg, Assistant District Attorneys,* for appellee.