A90A1085. THE STATE v. AUERSWALD.
(401 SE2d 27)

COOPER, Judge.

On March 2, 1989, an arrest warrant was issued by a magistrate accusing appellee of the offense of child molestation. The following day he was arrested and released on bond. On November 21, 1989, the grand jury considered an indictment against appellee; however, it

made no presentment and tabled the indictment. On December 2, 1989, appellee filed a pro se motion to dismiss all charges contending that the victim was incompetent to testify, the tabling of the indictment was the legal equivalent of a no bill, and appellee had been prejudiced by the delay in resolving the case. After a hearing, the trial court granted the motion and dismissed the arrest warrant on January 26, 1990. On appeal, appellant enumerates as error the dismissal of the arrest warrant.

Appellant contends the trial court lacked the authority to dismiss the warrant under the facts of this case. In support of its contention, appellant cites a case involving a district attorney's grant of transactional immunity, in which the Supreme Court concluded that "the prosecutor, as part of the authority of his office, has the *sole* discretion to dismiss cases prior to indictment." (Emphasis supplied.) *State v. Hanson*, 249 Ga. 739, 744 (2) (295 SE2d 297) (1982). The Supreme Court has also held that the superior court acquires jurisdiction over a case upon the return of a true bill on the indictment and the entry of the return on the minutes of the court. *Gibson v. State*, 162 Ga. 504 (2) (134 SE 326) (1926). Nevertheless, despite these citations, in the instant case, appellee "ha[d] a sixth amendment right to a speedy trial which attached at arrest. . . ." *Haisman v. State*, 242 Ga. 896, 898 (2) (252 SE2d 397) (1979). " 'In *Barker v. Wingo*, 407 U. S. 514 (92 SC 2182, 33 LE2d 101) (1972), the Supreme Court of the United States identified four factors to be considered by a court in determining whether an accused's constitutional right to a speedy trial had been violated: . . . . (a) (t)he length of the delay, (b) the reason for the delay, (c) the defendant's assertion of his right, and (d) the prejudice to the defendant. . . . The Supreme Court further stated that it regarded none of the factors as either a necessary or sufficient condition to a finding of a deprivation of the right of speedy trial but rather that the factors should be considered together in a balancing test of the conduct of the prosecution and the defendant.' [Cit.] As to the prejudice factor there are 'three interests which the speedy trial right was designed to protect, the last being the most important: (a) to prevent oppressive pre-trial incarceration; (b) to minimize anxiety and concern of the accused; and (c) to limit the possibility that the defense will be impaired.' [Cits.]" *Heinen v. State*, 186 Ga. App. 373, 374 (367 SE2d 275) (1988).

1. Length of delay. Ten months passed between appellee's arrest and the dismissal of the charges, which was "much less than in numerous cases where no constitutional violation was found." *Ould v. State*, 186 Ga. App. 55, 57 (2) (a) (366 SE2d 392) (1988). " '[M]ere passage of time is not enough, without more, to constitute a denial of due process.' [Cits.]" *Heinen*, supra.

2. Reason for delay. Our review of the record and the appellate

briefs does not reveal the State's reason for tabling the indictment or for not taking further action on the case before its dismissal. Appellee contends the State's purpose was to gain the necessary time to allow the four-year-old victim to attain competency; however, the appellee failed to show "there was a deliberate delay for the purpose of hampering the defense." *Ould*, supra at 57. In *Heinen*, supra, this court sustained a seven-year delay between indictment and trial despite the fact that during five of the years the victim, who was a minor, was simply unable to deal with and testify about the alleged molestation. Id. at 374.

3. Assertion of right. Appellee contends he adequately asserted his rights to a speedy indictment and trial through his motion to dismiss; however, in the eight months between his arrest and the grand jury's consideration of his case, he filed no demand for a speedy indictment. The motion to dismiss was filed two weeks after the grand jury tabled the indictment. A defendant's pre-indictment silence can weigh heavily against him. *Haisman*, supra at 899; *Roundtree v. State*, 192 Ga. App. 803 (1) (386 SE2d 548) (1989).

4. Prejudice to defendant. Appellee maintained that he was severely prejudiced by the delay in resolving the case because he was passed over twice for consideration for promotion to the rank of Lieutenant Colonel in the Air Force; he lost the top secret security clearance assigned to him by the Air Force; he lost the right of visitation with his daughter authorized by a final judgment of divorce; and he suffered severe mental and emotional distress. While the minimization of a defendant's anxiety and concern is a factor to be considered in determining prejudice, the broader concern is "actual prejudice to the conduct of the defense." *United States v. Marion*, 404 U. S. 307, 325-326 (92 SC 455, 30 LE2d 468) (1971); *Roundtree*, supra at 804. Appellee complained of "considerable personal and professional prejudice" but did not claim or demonstrate that his defense was impaired by the delay. Appellee was also released on bond on the day of his arrest and remained at liberty until the warrant was dismissed; therefore, there can be no claim of oppressive pre-trial incarceration. Id.

The trial court granted appellee's motion to dismiss without explaining the basis for its ruling; hence, we do not know whether the court employed the *Barker v. Wingo* test, and determined that appellee's sixth amendment right to a speedy trial had been denied in arriving at its decision. However, our review of the record leads us to the conclusion that appellee's rights were not abridged by the State's actions and therefore, appellee was not entitled to a dismissal of the charges on this basis.

In addition, contrary to appellee's contention that the tabling of the indictment was the legal equivalent of a no bill, the "mere failure

of the grand jury to indict does not constitute the return of a no bill. [Cit.]" *Nelson v. State*, 247 Ga. 172, 174 (3) (274 SE2d 317) (1981). In *Nelson*, the Georgia Supreme Court recognized that there are instances in which the grand jury, in the exercise of its responsibilities pursuant to OCGA § 15-12-74, might defer action in a particular case, and the court considered the reason for the delay as a factor under *Barker v. Wingo*. Id. at 175. In a child molestation case, prosecution must be commenced within seven years of the commission of the crime. OCGA § 17-3-1 (c). " ' "[T]he applicable statute of limitations . . . is . . . the primary guarantee against bringing overly stale criminal charges" ' and so guards against prejudicial pre-accusation delays. [Cit.]" *Andrews v. State*, 175 Ga. App. 22, 24 (332 SE2d 299) (1985). In the instant case, the grand jury was operating well within the statute of limitation.

*Judgment reversed. Banke, P. J., and Birdsong, J., concur.*

DECIDED NOVEMBER 19, 1990 —
REHEARING DENIED DECEMBER 20, 1990.

*Edward D. Lukemire, District Attorney, George R. Christian, Assistant District Attorney*, for appellant.
*Erion & Exum, Charles T. Erion*, for appellee.