## A91A0596. SHAVERS v. THE STATE.
### (406 SE2d 803)

CARLEY, Judge.

Appellant was tried before a jury on charges of kidnapping, armed robbery and murder. He was found guilty of kidnapping and armed robbery, but not guilty of murder. Pursuant to the trial court's grant of a motion for an out-of-time appeal, appellant appeals from the judgments of conviction and sentences entered by the trial court on the jury's guilty verdicts.

1. Asserting a violation of his constitutional right to a speedy trial, appellant filed a motion to dismiss. The denial of this motion is enumerated as error.

In denying the motion, the trial court found that the delay had been "largely caused by [the] trial strategy" which appellant's own counsel had elected to pursue. Moreover, the record demonstrates that appellant had at no time asserted his right to a speedy trial by filing a demand invoking his rights under either OCGA § 17-7-170 or the Federal or State Constitutions. Instead, he filed only the motion to dismiss wherein he asserted a pre-existing violation of his constitutional right to a speedy trial. An accused is estopped to urge that his otherwise previously unasserted right to a speedy trial has been violated by a delay which was the result of his own counsel's trial tactics. Such circumstances evince the accused's manipulative "desire to avoid trial altogether or at least gain advantage from the delay. [Cit.]" *Heinen v. State*, 186 Ga. App. 373, 375 (c) (367 SE2d 275) (1988).

Insofar as prejudice is concerned, the only contention is that the delay impaired appellant's defense by preventing him from securing all of his co-arrestees as witnesses in his behalf. However, appellant was unable to demonstrate that any of his co-arrestees had ever been interviewed and was prepared to testify in his defense. " 'There must be more than a mere claim of prejudice; it must be shown, and this [appellant] did not do.' [Cit.]" *Heinen v. State*, supra at 375-376 (d). Moreover, the State's case was predicated upon appellant's own in-custody statement wherein he, in effect, admitted his guilt as to the kidnapping and armed robbery charges, but denied his guilt as to the murder charge. Under these circumstances, the only possible benefit which could have been derived from the production of any of the co-arrestees as a defense witness would be to corroborate appellant's denial of his guilt for murder. Since the jury acquitted appellant on the murder charge, there clearly was no impairment of appellant's defense by virtue of his failure to have produced his co-arrestees as witnesses on his behalf.

"Considering all, the trial court did not abuse its discretion in denying [appellant's] motion to dismiss for lack of a speedy trial. . . .

[Cit.]" *Heinen v. State*, supra at 376.

2. Appellant urges that the trial court erred in denying his motion for a mistrial after the State impermissibly introduced his character into evidence.

This enumeration is predicated upon the reading into evidence of portions of appellant's in-custody statement which allegedly referred to his participation in crimes other than those for which he was being tried. However, even if appellant's in-custody statement did contain references to his participation in other crimes, the entirety of his statement was admissible and there was no error in denying the motion for mistrial. *Burke v. State*, 248 Ga. 124, 125 (3) (281 SE2d 607) (1981).

3. The trial court did not err when, in instructing the jury, it referred to appellant as "the prisoner at the bar." *Allen v. State*, 18 Ga. App. 1, 4 (1, 3) (88 SE 100) (1916).

4. The trial court charged that appellant's "plea of not guilty is no evidence of his innocence." Appellant urges that this charge was unconstitutionally burden-shifting.

The contested charge did not purport to shift any burden to appellant, but merely stated a correct evidentiary principle. *Hairston v. State*, 142 Ga. App. 235 (235 SE2d 657) (1977). The converse of this evidentiary principle was also given when the jury was instructed that "an indictment does not constitute evidence nor does the fact that a Grand Jury has returned an indictment against a defendant constitute any evidence or inference of guilt." Having correctly instructed the jury as to what was *not* to be considered as evidence of appellant's guilt or innocence, the trial court then gave full and fair charges on appellant's presumption of innocence, on the State's burden of overcoming this presumption by proof of appellant's guilt beyond a reasonable doubt, and on the jury's duty to acquit appellant so long as a reasonable doubt of his guilt remained. No unconstitutionally burden-shifting charge was given and this enumeration is without merit.

5. Counsel who was appointed to pursue this out-of-time appeal has raised the issue of the effectiveness of appellant's trial counsel. Appellant's trial counsel was obviously effective insofar as the jury returned a verdict of not guilty on the murder charge. Nevertheless, the issue of the effectiveness of appellant's trial counsel remains with respect to the kidnapping and armed robbery charges.

In *Ponder v. State*, 260 Ga. 840, 841 (1) (400 SE2d 922) (1991), the Supreme Court held "that the grant of an out-of-time appeal constitutes permission to pursue appropriate post-conviction remedies, including a motion for new trial. It follows from that holding and from the requirement that a claim of ineffective assistance of counsel be determined by means of an evidentiary hearing at the earliest

practicable moment, that a claim of ineffective assistance of counsel may not be asserted in an out-of-time appeal unless appellate counsel pursues a motion for new trial, subsequent to the grant of the out-of-time appeal, in which the issue is raised and resolved by means of an evidentiary hearing. [Cit.]"

The application of this holding in the instant case would result in a waiver of the issue of the effectiveness of appellant's trial counsel since, subsequent to the grant of the out-of-time appeal, appellant's appellate counsel did not file a motion for new trial and raise that issue for resolution in the trial court. However, at the time the instant out-of-time appeal was granted, the Supreme Court's decision in *Ponder* had yet to be rendered. Since the Supreme Court "had not at that time addressed expressly the issue of whether a motion for new trial could be filed following the grant of a motion for out-of-time appeal, it would be manifestly unfair to deny appellant an opportunity to follow the procedure . . . set out above. Giving [appellant] access to the procedure . . . established [in *Ponder*] necessarily requires remand of this case to the trial court for the purpose of permitting him to file a motion for new trial. Because all other issues in this case have been dealt with on appeal, that motion will be limited to the issue of ineffective assistance of counsel." *Ponder v. State*, supra at 842 (2).

Accordingly, the judgments of the trial court are hereby affirmed with direction that, within 30 days of the date that this court's remittitur is filed in the trial court, appellant shall be entitled to file a motion for new trial limited to the issue of the alleged ineffectiveness of his trial counsel. If appellant files a timely motion for new trial as to that limited issue and the trial court finds, after an evidentiary hearing, that appellant was denied effective assistance of trial counsel, he will be entitled to a new trial. If appellant files a timely motion for new trial as to that limited issue and the trial court finds, after an evidentiary hearing, that appellant was not denied effective assistance of trial counsel, he will be entitled to file a notice of appeal within 30 days of the entry of such an adverse order.

*Judgments affirmed with direction. Banke, P. J., concurs in Divisions 1, 2, 3, 4, and in the judgment. Beasley, J., concurs specially.*

BEASLEY, Judge, concurring specially.

I concur because defendant had no opportunity, with counsel, to file an extraordinary motion for new trial on the right to counsel ground after the grant of the out-of-time appeal. He filed his motion for an out-of-time appeal pro se, complaining that his trial attorney had failed to pursue his appeal. The court expressly granted the right to "make direct appeal" and appointed current counsel to "represent [defendant] in his appeal."

This limitation as a matter of *fact* rendered absent any opportu-

nity for an extraordinary motion for new trial, even though as a matter of *law*, one otherwise could have been filed. OCGA § 5-5-41 (a) & (b). Compare the dissent in *Kinney v. State*, 199 Ga. App. 354 (405 SE2d 98) (1991).

DECIDED JUNE 19, 1991.

*Charles C. Grile*, for appellant.
*Spencer Lawton, Jr., District Attorney, David T. Lock, Assistant District Attorney*, for appellee.