A92A1111. VANZANT v. THE STATE.
(422 SE2d 283)

POPE, Judge.

Defendant Dimitri Tyron Vanzant was convicted following a jury trial of selling cocaine in violation of the Georgia Controlled Substances Act. We affirm.

Both of defendant's enumerations of error challenge the trial court's ruling allowing the State to present evidence of his in-custody statement. The record shows that after he was arrested defendant made the following statement to police: "I have sold crack cocaine in the past but only a few times. The cocaine I did sell belonged to

Black (Tommy Welch). I got a little bit of money for selling it . . . for him, I used that money for my kids, I was out of work. Black came to me and asked me to sell crack cocaine for him." On appeal defendant argues the portion of his statement concerning prior cocaine sales constituted evidence of similar transactions and that the trial court erred in allowing the State to present this evidence because the State failed to give him notice of its intent to introduce evidence of other crimes as required by Uniform Superior Court Rule (USCR) 31.3. Defendant also urges that the trial court's failure to hold a hearing to determine the admissibility of the evidence in accordance with USCR 31.3 and *Williams v. State*, 261 Ga. 640 (409 SE2d 649) (1991) constitutes reversible error. Under the facts of this case we find no merit to these contentions.

It is clear that defendant's reference to past cocaine sales was designed to explain his involvement in the crime charged and was an integral part of his statement to police. "[T]he statements complained of were an integral part of a criminal confession, and such statements are not rendered inadmissible because the language used therein indicates that the accused had committed another and separate offense. [Cits.]" *Dampier v. State*, 245 Ga. 427, 434 (10) (265 SE2d 565) (1980). "In these circumstances, it is no valid ground of objection to the admission in evidence of an incriminatory statement or confession made by the accused in a criminal case that the language indicated that the accused had committed also another and separate offense. (Cits.) *Ingram v. State*, 253 Ga. 622, 638 (323 SE2d 801) (1984)." (Punctuation omitted.) *Frazier v. State*, 257 Ga. 690, 697 (14) (362 SE2d 351) (1987). Accord *Burke v. State*, 248 Ga. 124, 126 (3) (281 SE2d 607) (1981); *Shavers v. State*, 200 Ga. App. 76, 77 (2) (406 SE2d 803) (1991); *Williams v. State*, 192 Ga. App. 317 (384 SE2d 877) (1989); *Thomas v. State*, 158 Ga. App. 668 (2b) (281 SE2d 646) (1981). Consequently, defendant's statement that he had sold cocaine on other occasions was admissible "regardless of whether or not the separate crimes to which [the defendant] confessed would otherwise be admissible as exceptions to the 'other transactions' rule. [Cit.]" *Bradford v. State*, 166 Ga. App. 584, 586 (4) (305 SE2d 32) (1983). Cf. *Robinson v. State*, 192 Ga. App. 32, 33-34 (383 SE2d 593) (1989) (in which the defendant's statements concerning prior independent crimes "did not constitute an integral part of [the] criminal confession" and was not "an inseparable part of the total oral statement made to [police]"). Defendant's arguments to this court on appeal are therefore without merit.

*Judgment affirmed. Carley, P. J., and Johnson, J., concur.*

DECIDED SEPTEMBER 8, 1992.

*Vinson, Osborne, Talley & Richardson, James R. Osborne,* for appellant.

*William A. Foster III, District Attorney, Jeffrey L. Ballew, Assistant District Attorney,* for appellee.