## A03A0333. SMITH v. THE STATE.
(579 SE2d 829)

BLACKBURN, Presiding Judge.

Following the denial of his motion for discharge and acquittal, Hubert Smith appeals, arguing that the trial court erred in its finding that his Sixth Amendment right to a speedy trial had not been violated. For the reasons stated below, we affirm.

This case is before us on a pre-trial appeal based on the holdings of the Supreme Court of Georgia. We note our failure to follow United States Supreme Court precedent in *United States v. MacDonald*[1] on the issue of pre-trial direct appeal on speedy trial denials based on alleged Sixth Amendment federal constitutional violations as opposed to such claims which are based on OCGA § 17-7-170, Georgia's statutory speedy trial demand statute. We do not believe that the 1978 U. S. Supreme Court holding in *MacDonald*, supra, permits a pre-trial direct appeal on an alleged denial of a Sixth Amendment speedy trial demand. The holdings of the U. S. Supreme Court on federal constitutional questions are binding on all courts.

As Justice Gregory made clear in the 1985 case, *Hubbard v. State*,[2] citing *Smith v. State*[3] and *Patterson v. State*,[4] because of the express language of the statute, a defendant stands acquitted as a matter of law when the State fails to comply with a statutory speedy trial demand under OCGA § 17-7-170. This is so because double jeopardy rights are implicated in a statutory speedy trial denial. Therefore, unlike Sixth Amendment speedy trial denials, such a defendant

---

[1] *United States v. MacDonald*, 435 U. S. 850 (98 SC 1547, 56 LE2d 18) (1978).
[2] *Hubbard v. State*, 254 Ga. 694 (333 SE2d 827) (1985).
[3] *Smith v. State*, 169 Ga. App. 251 (312 SE2d 375) (1983).
[4] *Patterson v. State*, 248 Ga. 875 (287 SE2d 7) (1982).

is entitled to full double jeopardy protection (Fifth Amendment, U. S. Constitution) against the ordeal of the trial itself, because the statute provides that on violation of his rights under the statute, the defendant stands acquitted. Thus, a pre-trial direct appeal is appropriate in such a case. In an OCGA § 17-7-170 claim, the defendant is saying, " 'I may not now be tried because the time during which I must have been placed on trial has passed.' " *Hubbard,* supra at 695.

This is not the case in Sixth Amendment speedy trial claims as discussed in *MacDonald,* supra, and *Barker v. Wingo,*[5] for which there is no pre-trial right of direct appeal. We note that *Hubbard* does not address the 1978 ruling of the U. S. Supreme Court in *MacDonald,* that pre-trial rights to appeal do not apply in alleged Sixth Amendment speedy trial denials under the Federal Constitution. It was unnecessary to do so because the distinction between a Georgia statutory speedy trial denial and a Federal Sixth Amendment speedy trial denial, under existing U. S. Supreme Court case law was clear at the time *Hubbard* was issued in 1985. Double jeopardy protections were not implicated in Sixth Amendment speedy trial denial cases as was clear under *Barker,* supra, 1972, and *MacDonald,* supra, 1978. In *MacDonald,* supra, a unanimous U. S. Supreme Court, in reversing the Fourth Circuit Court of Appeals, held that a defendant, before trial, could not appeal a federal district court's order denying his motion to dismiss an indictment because of an alleged violation of his Sixth Amendment right to a speedy trial, since (1) such pre-trial order lacked the finality traditionally considered indispensable to appellate review and did not represent a complete, formal, and final rejection by the trial court of the defendant's claim, (2) the order was not collateral to, and separable from, the principal issue at the impending trial which was whether the accused was guilty of the offense charged, (3) a speedy trial claim was not sufficiently independent of the outcome of the trial to warrant pre-trial appellate review, and (4) the order did not involve a right which would be lost if review had to await final judgment.

In the following post-*Hubbard* cases, *Thomas v. State,*[6] *Brannen v. State,*[7] *Boseman v. State,*[8] and *Boulton v. State,*[9] no statutory speedy trial violations under OCGA § 17-7-170 claims were involved. Unlike *Hubbard,* each of these cases involved federal constitutional Sixth Amendment speedy trial violations. By a footnote citation to *Hubbard,* supra, a 1985 statutory speedy trial case, which therefore

---

[5] *Barker v. Wingo,* 407 U. S. 514 (92 SC 2182, 33 LE2d 101) (1972).
[6] *Thomas v. State,* 274 Ga. 492, n. 1 (555 SE2d 693) (2001).
[7] *Brannen v. State,* 274 Ga. 454, 455, n. 1 (553 SE2d 813) (2001).
[8] *Boseman v. State,* 263 Ga. 730 (438 SE2d 626) (1994).
[9] *Boulton v. State,* Case No. S00C1510, 2000 Ga. LEXIS 800 (October 20, 2000).

included no Sixth Amendment speedy trial case, and without a *Mac-Donald* Sixth Amendment speedy trial analysis, each of these cases applied the statutory speedy trial pre-trial direct appeal right to Sixth Amendment speedy trial violations. None of these cases was based on OCGA § 17-7-170 claims as was *Hubbard*, and no *MacDonald* Sixth Amendment analysis was made in any of these cases.

In *Callaway v. State*,[10] an alleged Sixth Amendment speedy trial denial case, this Court held that the defendant was not entitled to a pre-trial direct appeal, except as authorized under the provisions of OCGA § 5-6-34 (b), which requires a certificate of immediate review by the trial judge.

The Supreme Court of Georgia subsequently reversed our decision in *Callaway*. In doing so, the Supreme Court of Georgia held:

> [W]e cannot see any persuasive rationale for departing from settled precedent as to the applicable methods of pre-trial appeal and creating a distinction between constitutional and statutory speedy trial rulings. The statutory provision is obviously analogous in its purpose to the constitutional right to a speedy trial. *Ould v. State*.[11] As the concept of double jeopardy is closely implicated in both provisions, a defendant may directly appeal from the pre-trial denial of either a constitutional or statutory speedy trial claim. *Hubbard v. State*, supra at 695; *Ould v. State*, supra at 55 (1).

*Callaway v. State*.[12]

In 1978, the U. S. Supreme Court provided a four-part analysis of Sixth Amendment speedy trial denial appeal rights under the Federal Constitution which clearly indicated that no double jeopardy rights were implicated therein and held that no pre-trial appeal rights exist in such a case. In *Callaway*, our Supreme Court has held otherwise. While this Court is bound by the decisions of both the U. S. Supreme Court and those of the Supreme Court of Georgia, under the Georgia Constitution, we must defer to the holdings of the Supreme Court of Georgia, where they have established law, whether or not they have considered holdings of the U. S. Supreme Court. But for this requirement, we would follow the holding of *MacDonald* in this case and reject this premature appeal. Being required to address this appeal, we find as follows.

---

[10] *Callaway v. State*, 251 Ga. App. 11 (553 SE2d 314) (2001).
[11] *Ould v. State*, 186 Ga. App. 55 (1) (366 SE2d 392) (1988), a case which totally ignores the U. S. Supreme Court's 1978 ruling in *MacDonald*, which holds that a Sixth Amendment speedy trial violation does not authorize a pre-trial direct appeal.
[12] *Callaway v. State*, 275 Ga. 332-333 (567 SE2d 13) (2002).

On July 30, 1988, Smith was arrested for DUI — less safe driver in DeKalb County. The next day, he posted a $1,050 cash bond and signed a document acknowledging that he was required to appear in court for trial on October 6, 1988. Failure to appear for trial would result in the forfeit of his bond, and he would be subject to arrest under a bench warrant and trial on the DUI charge. Despite this explicit acknowledgment, Smith failed to appear and returned to Chatham County. Smith's bond was forfeited, and a bench warrant was issued to arrest him and return him for trial. On March 18, 2002, following a traffic stop, Smith was arrested under the outstanding bench warrant and returned to DeKalb County for trial.

On July 9, 2002, Smith filed a motion for discharge and acquittal contending that the State's failure to catch and prosecute him violated his Sixth Amendment right to a speedy trial. The trial court denied Smith's motion, and Smith now appeals this decision. We find no abuse of discretion and affirm the trial court's ruling. *State v. Yates.*[13]

Sixth Amendment speedy trial denials are analyzed under the test of *Barker v. Wingo,* in which the U. S. Supreme Court identified four factors for review: (1) "[the] [l]ength of [the] delay," (2) "the reason for the delay," (3) "the defendant's assertion of [the] right, and" (4) "[the] prejudice to the defendant." With regard to the fourth factor, we must consider three interests: "(i) preventing oppressive pretrial incarceration, (ii) minimizing anxiety and concern of the defendant, and (iii) limiting the possibility that the defense will be impaired." *Johnson v. State.*[14]

We first analyze the reason for the delay, as it is dispositive in this case. Smith, with full knowledge of his duty to report for trial, and the consequences of his failure to do so, left DeKalb County and failed to appear for trial. He avoided arrest on the outstanding bench warrant for almost 14 years. He argues that the State was negligent in tracking him down, and that such negligence was the cause of the delay in his trial, and his Sixth Amendment speedy trial rights were thus violated. The reason for the delay in the trial was Smith's failure to appear as noticed. Criminal procedure is not a game, and one who fails to appear as noticed and leaves the prosecuting county will not be heard to complain that the State failed to thwart his wrongdoing. He cannot benefit from his own failures. *Doggett v. United States.*[15] The trial court did not err in denying Smith's Sixth Amendment speedy trial denial claim. Smith's reliance on *Lett v. State*[16] is

---

[13] *State v. Yates,* 223 Ga. App. 403, 404 (477 SE2d 670) (1996).
[14] *Johnson v. State,* 268 Ga. 416, 417 (2) (490 SE2d 91) (1997).
[15] *Doggett v. United States,* 505 U. S. 647, 656 (112 SC 2686, 120 LE2d 520) (1992).
[16] *Lett v. State,* 164 Ga. App. 584, 585 (298 SE2d 541) (1982).

misplaced, as the case is factually distinguishable. *Lett* involved a defendant who was incarcerated at the time of his indictment, and for eight months thereafter, and unlike Smith, received no notice of the charges against him. We note that *McKinney v. State*[17] is also factually distinguishable. *McKinney* involved the question of whether a 27-month delay between the arrest and trial of a defendant who was on bond constituted a violation of that defendant's Sixth Amendment speedy trial right. Smith, unlike McKinney, had failed to appear for a scheduled trial and was the subject of an outstanding bench warrant.

Smith was the primary cause of any delay in his trial, as he failed to appear for trial as noticed. Any prejudice that he contends he has suffered from the delay was caused by his own actions and not by the State's failure to catch him. He will thus not be heard to complain of such matters. The trial court did not err in its ruling in this case.

*Judgment affirmed. Phipps, J., concurs. Ellington, J., concurs in the judgment only.*

DECIDED MARCH 19, 2003.

*Teddy R. Price*, for appellant.
*Gwendolyn R. Keyes, Solicitor-General, Andrew R. Fiddes, Assistant Solicitor-General*, for appellee.

---

[17] *McKinney v. State*, 250 Ga. App. 22, 23 (549 SE2d 164) (2001).