S10A1332. BROWN v. THE STATE.
S10A1333. WATERS v. THE STATE.
(700 SE2d 407)

THOMPSON, Justice.

In July 2006, Andre Copeland was shot to death and Corey Coachman was paralyzed as a result of gunfire during an alleged armed robbery. Appellants Derrick Lashon Brown and Frederick Waters were jointly charged in a multi-count indictment with murder, armed robbery, aggravated assault, and related offenses in connection with the crimes. While awaiting trial, both appellants moved to dismiss the indictment asserting their rights to a speedy trial under the Georgia and United States Constitutions. In these consolidated appeals, they challenge the denial of their respective motions.[1] Finding no error, we affirm.

Brown surrendered to the police on August 16, 2006 after a warrant had been issued for his arrest. In October 2006, an indictment was returned charging Brown and another co-defendant, Andre McArthur, with the crimes.[2] Brown was arraigned in November 2006. Over the next several months, he opted into reciprocal discovery and filed numerous motions, including a motion to sever the counts and the parties. In March 2007, Brown was released on bond.

As the trial court found, there was substantial delay in scheduling the motions hearings because Coachman, the surviving victim, had been paralyzed in the course of the alleged armed robbery and the State monitored his progress until he was capable of appearing for testimony.

The initial motions hearings were held in 2007. As a result of those hearings, the State developed evidence against appellant Waters. Consequently, on October 12, 2007, a superseding indictment was returned charging Brown and Waters with the crimes. Waters was arrested on October 24, 2007, and his attorney filed motions and demands for discovery. The motions hearings were reset in order to afford Waters the opportunity to cross-examine Coach-

---

[1] See *Callaway v. State*, 275 Ga. 332 (567 SE2d 13) (2002) (direct appeal authorized from denial of a plea in bar).

[2] McArthur was tried separately and is not a party to this appeal.

man. In February 2008, Coachman was examined by video deposition in order to accommodate his physical limitations. During such hearing, Coachman was asked whether he engaged in criminal drug activity, whereupon Coachman requested the assistance of counsel and the hearing was suspended for that purpose. The motions hearings resumed in March 2008. The trial court found that the delay up to this point could not be attributed to either the State or the defense, but was occasioned by the complexities of the case.

Thereafter, the court allowed time for the parties to engage in plea negotiations, a standard practice of the court. Again, the court found that this delay was not attributable to either party.

The three defendants were granted severances and were to be tried sequentially to accommodate the disabled witness. Originally Brown was to be the first defendant tried. When his case was called, Brown's attorney informed the court that he had been provided with new information which could materially affect his defense of alibi. As a result, counsel requested and was granted a continuance. Finding that the State had no obligation to disclose this new information during the course of discovery, and that the defense was entitled to a continuance to digest it, the court determined that this delay should not be attributed to either party.

McArthur's case was called for trial, but a mistrial was declared because McArthur's counsel became ill and because of ongoing discovery issues. McArthur was ultimately tried during the week of October 5, 2009; he was convicted of some of the charges and pled guilty to others. The court did not attribute the delay up to this point to any party.

Waters was the next to be tried, and his case was called on October 13, 2009, but the State requested a continuance after announcing that its material witness Coachman had left Georgia and was in Florida to comply with a federal subpoena. The court refused to grant a continuance, reasoning that the State knew of Coachman's absence but did not inform the court, possibly averting further delay. Instead of proceeding to trial without Coachman, the State requested and obtained an order of nolle prosequi as to Waters and Brown. The court determined that the delay in trying Waters from the call of his case on October 13, 2009 forward is attributable to the State.

A third and final superseding indictment was returned on October 16, 2009, charging Waters and Brown. On October 27, 2009, Waters filed a special plea in bar to dismiss the indictment based on a violation of his rights to a speedy trial under the Georgia and United States Constitutions. On November 9, 2009, the court set a trial date for Waters for later that month, with Brown's trial to follow. Also on November 9, 2009, Brown filed his motion to dismiss on constitutional speedy trial grounds. The motions were denied on

November 24, 2009, following a hearing.[3] Both defendants appeal.

*Case No. S10A1332*

1. Brown submits that his constitutional rights to a speedy trial were violated.

> In examining an alleged denial of the constitutional right to a speedy trial, courts must engage in a balancing test with the following factors being considered: (1) the length of the delay; (2) the reasons for the delay; (3) the defendant's assertion of the right to a speedy trial; and (4) prejudice to the defendant. *Barker v. Wingo*, 407 U. S. 514 (92 SC 2182, 33 LE2d 101) (1972). The existence of no one factor is either necessary or sufficient to sustain a speedy trial claim, and a trial court's findings of fact and its weighing of disputed facts will be afforded deference on appeal.

*State v. White*, 282 Ga. 859, 861 (2) (655 SE2d 575) (2008). An abuse of discretion standard applies. Id.

(a) *Length of delay.* "The constitutional right to a speedy trial attaches on the date of the arrest or when formal charges are initiated, whichever first occurs." *State v. White*, supra at 861 (2). Brown was arrested on August 16, 2006; his motion to dismiss was filed on November 9, 2009, 39 months later. The length of the delay factors into the speedy trial analysis in two respects:

> First, a court must determine whether the delay "has crossed the threshold dividing ordinary from 'presumptively prejudicial' delay, since, by definition, [the accused] cannot complain that the government has denied him a 'speedy' trial if it has, in fact, prosecuted his case with customary promptness." *Doggett v. United States*, 505 U. S. 647, 652 (112 SC 2686, 2693, 120 LE2d 520) (1992). If the delay passes this threshold test of "presumptive prejudice," then the *Barker* inquiry is triggered. The delay is then considered a second time by factoring it into the prejudice prong of the *Barker* analysis, with "the presumption that pretrial delay has prejudiced the accused intensifying over time." *Doggett*, 505 U. S. at 652 (112 SC at 2693-94) . . . . However, the presumptive prejudice

---

[3] Although the trial court entered a summary order denying the motions to dismiss, the order referenced the court's findings entered on the record at a hearing on November 16, 2009. The transcript of that hearing shows that the court engaged in the balancing test under *Barker v. Wingo*, 407 U. S. 514 (92 SC 2182, 33 LE2d 101) (1972), and made appropriate findings.

arising from delay "cannot alone carry a Sixth Amendment claim without regard to the other *Barker* criteria." *Doggett*, 505 U. S. at 656, 112 SC at 2694. Instead, "it is part of the mix of relevant facts, and its importance increases with the length of delay." Id.

*Boseman v. State*, 263 Ga. 730, 732 (1) (a) (438 SE2d 626) (1994). The trial court implicitly made a finding that the delay in this case triggers a threshold finding of presumptive prejudice, and it went on to consider the remaining *Barker* factors. See id.

(b) *Reasons for the delay.* At a hearing on the motion to dismiss, the State claimed that the delay was due to the complexities of the case and the inability to produce Coachman for examination at the motions hearings and at trial because of the severity of his injuries and the need to accommodate his disability. The trial court refused to attribute the delay of the first 38 months to either party, and the undisputed evidence supports that finding. Additional delays were occasioned by discovery issues, the need to provide counsel for Coachman, and illness on the part of defense counsel. We find no abuse of the trial court's discretion in refusing to attribute these delays to negligence on the part of the State.

While the final few weeks of delay could possibly have been avoided had the State alerted the court to the fact that Coachman was subject to a federal subpoena in Florida, we do not find that the State deliberately attempted to hamper the defense in this regard. Thus, while the court correctly weighed this brief delay against the State, we find the delay to be "relatively benign." See *Barker*, supra 407 U. S. at 531 ("[a] more neutral reason such as negligence . . . should be weighted less heavily" against the prosecuting authority); *Smith v. State*, 275 Ga. 261 (564 SE2d 441) (2002); *Jackson v. State*, 272 Ga. 782, 784 (534 SE2d 796) (2000).

(c) *Assertion of the right to a speedy trial.* Brown waited more than three years after his arrest to assert his demand. This factor is to be weighed heavily against the defendant when it is not asserted. *Scandrett v. State*, 279 Ga. 632, 633 (1) (c) (619 SE2d 603) (2005); *Jackson*, supra at 785.

(d) *Prejudice.*

As to the prejudice factor, there are "three interests which the speedy trial right was designed to protect, the last being the most important: (a) to prevent oppressive pre-trial incarceration; (b) to minimize anxiety and concern of the accused; and (c) to limit the possibility that the defense will be impaired." [Cit.]

*Boseman*, supra at 732 (1). Impairment of the defense is the most important component of the prejudice factor "because the inability of a defendant adequately to prepare his case skews the fairness of the entire system." *Barker*, supra, 407 U. S. at 532.

Brown withstood pretrial incarceration for seven months before being released on pretrial bond. He submits, without evidentiary support, that he was precluded from working with his attorneys during that time. He also claims that his defense of alibi has been materially impaired because he relied on the State's assertions that it was obtaining his cell phone records to establish his whereabouts at the time of the crime, but the State never followed through and the records are no longer available. The trial court found that the State was under no obligation to obtain the records from a third party, and consequently, Brown has failed to establish that it acted in bad faith. The court further found that Brown's alibi defense was not impaired as a result of the delay because his alleged alibi witness was still available and capable of giving testimony.

Based upon its consideration of all the foregoing factors, the court denied the motion to dismiss the indictment on speedy trial grounds. In weighing the delay in bringing Brown to trial against Brown's failure to timely assert his constitutional rights to a speedy trial and his failure to show that the delay has impaired his defense, we find no abuse of the court's discretion.

## Case No. S10A1333

2. The initial indictment against Waters was returned on October 12, 2007; he filed a special plea in bar and motion to dismiss the indictment on October 27, 2009.

(a) *Length of delay.* The two-year delay is presumptively prejudicial requiring an analysis of the remaining *Barker* factors. *Boseman*, supra at 732 (1) (a).

(b) *Reasons for the delay.* As discussed in Division (1) (b) supra, the majority of the delay was due to the circumstances of the case and was unavoidable, and any further delay attributable to the State is relatively benign.

(c) *Assertion of the right to a speedy trial.* Waters' two-year delay in asserting his right to a speedy trial must be weighed heavily against him. See *Scandrett*, supra at 635 (1) (c); *Jackson*, supra at 785.

(d) *Prejudice.* Waters generally claims that his two-year incarceration caused him great anxiety and that his defense has been impaired because the recollections of witnesses have been hampered. However, he " 'has offered no specific evidence of any prejudice (to his defense) resulting from the delay.' " *Scandrett*, supra at 635 (1) (d). Thus, Waters has not shown that the prejudice factor should be

balanced in his favor, despite the two-year delay in bringing him to trial.

We find no abuse of the trial court's discretion in denying Waters' motion to dismiss on constitutional speedy trial grounds.

*Judgments affirmed. All the Justices concur.*

DECIDED OCTOBER 4, 2010.

*L. David Wolfe, Michael J. Antoniolli*, for appellant (case no. S10A1332).

*Anthony T. Pete*, for appellant (case no. S10A1333).

*Paul L. Howard, Jr., District Attorney, Bettieanne C. Hart, James G. Banks, Marc A. Mallon, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General*, for appellee.