A10A2034. HIGGINS v. THE STATE.
(707 SE2d 523)

ADAMS, Judge.

Christopher Higgins appeals the trial court's denial of his plea in bar and motion to dismiss on constitutional speedy trial grounds.

Higgins was arrested on March 17, 2007, and charged with aggravated assault with a deadly weapon and possession of a firearm during the commission of a felony, based upon acts alleged to have occurred on December 6, 2006; he was formally indicted on those charges three days later, on March 20, 2007. The case came on the trial calendar for October 26, 2007. Although Higgins' attorney announced ready for trial, the State was unable to locate the victim, who had moved without providing a forwarding address. The case was nolle prossed, and the trial court dismissed it at that time.

On December 16, 2008, the State re-indicted Higgins on the charges, and the case was placed on a plea and arraignment calendar for March 2, 2009, but Higgins failed to appear. On March 25, 2009,

the trial court placed the case on the court's Administrative Dead Docket until such time as Higgins could be found and issued a bench warrant for his arrest. Higgins was subsequently arrested on September 1, 2009, and made bond on September 29. The trial court signed an order on December 9, 2009, formally removing the case from the dead-docket and restoring it to open status. At no time, following either arrest, did Higgins file a demand for a speedy trial, but on February 1, 2010, Higgins filed a "Plea in Bar and Motion to Dismiss on Constitutional Speedy Trial Grounds." Following a March 31, 2010, hearing on the motion, the trial court issued an order dated May 28, 2010, denying Higgins' motion to dismiss. This appeal followed.

> In examining an alleged denial of the constitutional right to a speedy trial, courts must engage in a balancing test with the following factors being considered: (1) the length of the delay; (2) the reasons for the delay; (3) the defendant's assertion of the right to a speedy trial; and (4) prejudice to the defendant. *Barker v. Wingo*, 407 U. S. 514 (92 SC 2182, 33 LE2d 101) (1972). The existence of no one factor is either necessary or sufficient to sustain a speedy trial claim, and a trial court's findings of fact and its weighing of disputed facts will be afforded deference on appeal.

(Citation omitted.) *Brown v. State*, 287 Ga. 892, 894 (1) (700 SE2d 407) (2010). Accordingly, we review the denial of a defendant's constitutional speedy trial claim for an abuse of discretion. *Zeger v. State*, 306 Ga. App. 474, 477 (3) (702 SE2d 474) (2010).

1. *Presumption of Prejudice.* Before applying the *Barker* balancing test, we look first to the length of the delay, which figures into our analysis in two respects:

> First, a court must determine whether the delay has crossed the threshold dividing ordinary from "presumptively prejudicial" delay, since, by definition, the accused cannot complain that the government has denied him a "speedy" trial if it has, in fact, prosecuted his case with customary promptness. If the delay passes this threshold test of "presumptive prejudice," then the *Barker* inquiry is triggered. The delay is then considered a second time by factoring it into the prejudice prong of the *Barker* analysis, with the presumption that pretrial delay has prejudiced the accused intensifying over time. However, the presumptive prejudice arising from delay cannot alone carry a Sixth Amendment claim without regard to the other *Barker*

criteria. Instead, it is part of the mix of relevant facts, and its importance increases with the length of delay.

(Citation and punctuation omitted.) *Brown v. State*, 287 Ga. at 894-895 (1) (a).

"The constitutional right to a speedy trial attaches on the date of the arrest or when formal charges are initiated, whichever first occurs." *State v. White*, 282 Ga. 859, 861 (2) (a) (655 SE2d 575) (2008). And, for purposes of our analysis, the computation of the length of delay ends when the trial court rules on the motion to dismiss. *Ruffin v. State*, 284 Ga. 52, 55 (2) (a) (663 SE2d 189) (2008). Higgins was arrested on March 17, 2007, and his motion to dismiss was decided on May 28, 2010. Therefore, over 38 months elapsed between Higgins' initial arrest, which preceded the original indictment, and the ruling on his motion.

But Higgins' "prosecution cannot be considered as having been delayed for that entire period." *Scandrett v. State*, 279 Ga. 632, 633 (1) (a) (619 SE2d 603) (2005).[1] " 'When defendants are not incarcerated or subjected to other substantial restrictions on their liberty, a court should not weigh that time towards a claim under the Speedy Trial Clause.' *United States v. Loud Hawk*, 474 U. S. 302, 312 (II) (106 SC 648, 88 LE2d 640) (1986)." Id. at 633-634 (1). Because the original indictment was nolle prossed on October 26, 2007 and Higgins was not re-indicted until December 16, 2008, the intervening 14-month period can be "eliminated from consideration in determining the length of delay in his prosecution." Id. at 634 (1) (a). Even with this adjustment, however, the delay was twenty-four months, and Georgia courts have held that a delay of more than one year is presumptively prejudicial. See *Ogletree v. State*, 303 Ga. App. 581, 582 (a) (693 SE2d 909) (2010) (delay exceeding one year presumptively prejudicial). Accordingly, the delay in this case is presumptively prejudicial, triggering the application of the *Barker* balancing test. *Henderson v. State*, 290 Ga. App. 427, 431 (662 SE2d 652) (2008) (presumptive prejudice alone cannot carry a Sixth Amendment claim, without regard to other *Barker* criteria).

2. *Barker Balancing Test.* We next consider the four factors outlined in *Barker* to determine whether a speedy trial violation occurred.

(a) *Length of Delay.* Under the first factor of the *Barker* test, we look again to the length of delay. The trial court found that the delay

---

[1] In applying *Scandrett* here, we do not mean to hold that in all cases of nolle prosequi, any resulting delay should be removed from the speedy trial calculation. But in this case, the trial court found that the 14-month period should be removed, and we find no evidence in the record to demonstrate that this was an abuse of discretion.

in this case, which it erroneously calculated at 18 months,[2] was not uncommonly long, and thus that it weighed against granting the motion to dismiss. Thus presumably the trial court weighed this factor against Higgins.

A delay is considered uncommonly long under the test to "the extent to which the delay stretches beyond the bare minimum needed to trigger judicial examination of the claim." *Doggett v. United States*, 505 U. S. 647, 651, 652 (II) (112 SC 2686, 120 LE2d 520) (1992) (defining first prong of *Barker* test as a consideration of whether delay is "uncommonly long"). This factor "is part of the mix of relevant facts, and its importance increases with the length of delay." (Punctuation omitted.) *Ruffin v. State*, 284 Ga. at 56 (2) (b) (i).

As noted above, prejudice is presumed with a delay of approximately one year. The 24-month pretrial delay doubles the amount of time necessary to establish a presumption of prejudice. Moreover, the Supreme Court has held that a delay of two years, two months and twenty-three days was uncommonly long in a noncapital murder case, as such a delay "is unusual even in comparison with other non-capital murder cases." (Footnote omitted.) *Ruffin v. State*, 284 Ga. at 58 (2) (b) (i) (although defendant incarcerated much of that time, the court held that was not the deciding factor). We conclude, therefore, that we must consider the 24-month delay in this aggravated assault case to be uncommonly long. See *State v. Stallworth*, 293 Ga. App. 368 (667 SE2d 147) (2008) (delay of two years, four months uncommonly long in burglary case). Accordingly, the trial court erred in weighing this factor against Higgins, as it should have been weighed against the State, although not too heavily as the delay is not egregious.[3]

(b) *Reason for Delay*. Higgins concedes that the case proceeded at an acceptable pace between his first arrest and its placement on a

---

[2] The trial court erroneously deducted the six-month period between the March 2009 arraignment and Higgins' September 2009 arrest from its calculation of delay. The trial court made this deduction based upon Higgins' failure to appear at the arraignment, citing *Smith v. State*, 260 Ga. App. 403, 406 (579 SE2d 829) (2003). But in the *Smith* case, there was no question that the defendant was aware of his duty to appear for trial when he failed to show and he was not located for 14 years. Id. Here, the evidence reflects that Higgins may not have been aware of the March 2009 arraignment date. Moreover, the *Smith* opinion was addressing the second *Barker* factor, the reason for the delay, and not the first factor, the length of delay.

[3] If we were to calculate the time as 38 months, not allowing for the period when the case was nolle prossed, our analysis would remain the same, although this factor might perhaps weigh more heavily against the State. But even applying the 38-month period, we would find no violation of Higgins' right to a speedy trial under the *Barker* analysis when all the factors were weighed. See, e.g., *Nelloms v. State*, 274 Ga. 179, 181 (549 SE2d 381) (2001) (no speedy trial violation for delay of 51 months where defendant failed to prove impairment to his defense).

trial calendar in October 2007. But the case was nolle prossed at that time due to the unavailability of the State's main witness. After Higgins was re-indicted, he failed to appear for his scheduled March 2, 2009 arraignment. His counsel indicated at the motion hearing that the notice of the arraignment was sent to an old address, so Higgins did not receive it. The trial court found that because no charges were pending against Higgins, it was not unreasonable for him to fail to apprise the court of his new address. Higgins was re-arrested six months later on September 1, 2009, and the trial court noted that the case appeared on a September 28, 2009 calendar and then a January 6, 2010 calendar. On those occasions, Higgins' trial attorney requested discovery, but the State had not complied with that request as of the time of the motion hearing.

The trial court found, based upon these circumstances, that the reason-for-delay factor of the *Barker* test must be charged against the State, but "not to the extent of dismissing this matter since there is not evidence of anything more than mere negligence on the part of the State." We agree with the trial court that nothing exists in the record evidencing "that most serious abuse — '[a] deliberate attempt to delay the trial in order to hamper the defense.' " (Citations and punctuation omitted.) *Layman v. State*, 284 Ga. 83, 85 (663 SE2d 169) (2008). See also *Barker v. Wingo*, 407 U. S. at 531 ("[a] more neutral reason such as negligence . . . should be weighted less heavily" against the prosecution); *Brown v. State*, 287 Ga. at 895 (1) (b). Accordingly, the trial court properly weighed this factor against the State.

(c) *Assertion of Right to Speedy Trial.* Higgins made no demand for a speedy trial prior to filing his motion to dismiss on February 1, 2010, more than 22 months after his initial arrest and indictment. See *State v. Porter*, 288 Ga. 524, 528 (2) (c) (3) (705 SE2d 636) (2011) (motion to dismiss proper vehicle for asserting right to speedy trial). "It is the defendant's responsibility to assert the right to trial, and the failure to exercise that right is entitled to strong evidentiary weight against the defendant." (Citations and punctuation omitted.) *Brannen v. State*, 274 Ga. 454, 456 (553 SE2d 813) (2001). "The failure to assert the right will make it difficult for a defendant to prove that he was denied a speedy trial." (Punctuation omitted.) *Frazier v. State*, 277 Ga. App. 881, 882 (c) (627 SE2d 894) (2006). This third factor must be weighed heavily against Higgins because he failed to raise his constitutional right to a speedy trial following his first arrest and indictment, and in fact, did not raise the issue until after the case had been placed on a trial calendar on two occasions following his second arrest. See *State v. Porter*, 288 Ga. at 528 (2) (c) (3); *Brown v. State*, 287 Ga. at 895-896 (1) (c), (2) (c) (holding that this factor weighed heavily against co-defendants who

waited two and three years, respectively, to assert speedy trial rights); *Lambert v. State*, 302 Ga. App. 573, 576 (3) (692 SE2d 15) (2010); *Simmons v. State*, 290 Ga. App. 315, 316 (3) (659 SE2d 721) (2008). The trial court properly weighed this factor against Higgins, although the court did not specifically weigh the factor heavily against him.

(d) *Prejudice*. Under the final *Barker* factor, measuring the prejudice to a defendant, the United States Supreme Court

> identified three interests [that] the speedy trial right was designed to protect, the last being the most important: (a) to prevent oppressive pretrial incarceration; (b) to minimize anxiety and concern of the accused; and (c) to limit the possibility that the defense will be impaired.

(Citations and punctuation omitted.) *Williams v. State*, 279 Ga. 106, 109 (1) (d) (610 SE2d 32) (2005).

As the trial court found, Higgins conceded at the motion hearing that no oppressive pretrial incarceration occurred. Higgins' counsel argued at the hearing, however, that he suffered "undue anxiety and concern" as a result of the delay "beyond just regular mental and emotional strain," noting that it affected Higgins' ability to retain a job. But Higgins made no showing of any unusual anxiety, concern or strain beyond these generalized statements. "Anxiety and concern of the accused are always present to some extent, and thus absent some unusual showing are not likely to be determinative in defendant's favor." (Citation and punctuation omitted.) *Layman v. State*, 284 Ga. at 86. In any event, Higgins "chose not to alleviate his anxiety and concern by filing a speedy trial demand" until 22 months after his initial arrest and indictment. *Lambert v. State*, 302 Ga. App. at 577 (4).

Higgins also contends that his defense was impaired by the delay because he was unable to locate his key defense witness after the second indictment, although she was available at the time of the original October 2007 hearing.[4] To prove that his defense was impaired by the delay, however, Higgins "must show . . . *specific evidence* of how the delay impaired his ability to defend himself. If the defendant's argument is that a witness has become unavailable, he must show that the unavailable witness could supply material evidence for the defense." (Citation, punctuation and footnote omitted; emphasis in original.) *Ferguson v. State*, 303 Ga. App. 341, 345 (2) (d) (693 SE2d 578) (2010).

---

[4] He also contends that he did not know that the State's witnesses were available until the motion hearing due to the State's failure to provide discovery.

Higgins failed to demonstrate how the delay made his witness unavailable other than his attorney's statement at the motion hearing, "I believe we had her three years ago. This is going — this would be a witness that would, I believe, prove our case, or help our case. And we have no idea where she is now. We had her three years ago when the case was set for trial. . . . We don't have her anymore." Higgins' counsel later reiterated, "our key witness we cannot find. We had [her] three years ago." But Higgins failed to show what efforts, if any, he made to locate the witness. Moreover, other than to say that this witness would "directly contradict" the victim's account, he made no proffer of what the victim's testimony would be. Thus, Higgins fell short of his burden to demonstrate how the missing witness could supply material evidence for the defense. See *State v. Porter*, 288 Ga. at 529 (2) (c) (4); *Lynch v. State*, 300 Ga. App. 723, 725 (1) (d) (686 SE2d 268) (2009). "To demonstrate an impaired defense, [a defendant] must present more than vague or conclusory statements; he must offer specific evidence." *Lambert v. State*, 302 Ga. App. at 577 (4). Higgins did not meet his burden of showing that his defense was impaired, and this factor accordingly must be weighed against him.

(e) *Balancing of Barker Factors.* In summary, two of the *Barker* factors — length of delay and reason for delay — should be counted against the State. But the lack of prejudice counts against Higgins and his failure to timely assert his speedy trial right must be weighed heavily against him. Under these circumstances, although the trial court erred in weighing the first factor against Higgins, we cannot say that it was an abuse of discretion to deny Higgins' motion to dismiss. *Lambert v. State*, 302 Ga. App. at 578 (5).

*Judgment affirmed. Smith, P. J., and Mikell, J., concur.*

DECIDED MARCH 8, 2011.

*Scott W. Dawkins*, for appellant.
*Paul L. Howard, Jr., District Attorney, Lenny I. Krick, Assistant District Attorney*, for appellee.